[No. 4780.]

## A. L. MAHONEY AND J. H. MAHONEY v. FRANCISCO AURRECOCHEA AND ISHAM CASE.

EFFECT OF DECREE IN PARTITION.—If one of several tenants in common gives a lease of a portion of the common property, with an agreement to receive a portion of the crop for the rent, and after the lease is made a suit for partition is commenced, and a decree of partition is entered in which the leased land is assigned to another of the tenants in common, the decree does not pass to the latter the portion of the crop to be received as rent, unless it is harvested before the decree is entered.

JUDICIAL NOTICE.—Courts will take judicial notice of the time of harvest in the counties where they preside.

APPEAL from the District Court, Third Judicial District, County of Alameda.

The complaint averred that the plaintiffs were husband and wife; that the plaintiff Antonio and the defendant Francisco and other persons were tenants in common in the ownership of the rancho "Los Positas," in Alameda County; that in October, 1872, defendant Francisco leased to defendant Case a portion of the rancho described by metes and bounds, containing one hundred and forty-three and ninety-four one-hundredths acres, and said lessee agreed to pay for the same one-fifth, in the sacks, of all the produce grown and harvested upon the same during the season

ending in the year 1873; that one-fifth of the wheat harvested amounted to two hundred and ninety-four sacks; that on the sixth day of November, 1872, an action for partition of the rancho was commenced, and on the eighteenth day of June, 1873, a decree was rendered in which the leased land was assigned to the plaintiff Antonio, in severalty; that Case had notice of all the proceedings, and was notified to deliver the rents and profits to the plaintiff, but refused to do so, and in December, 1873, delivered the same to his co-defendant.   Judgment was asked for damages.

The defendants demurred to the complaint, the court sustained the demurrer and gave final judgment for the defendants.   The plaintiffs appealed.

*W. H. & J. R. Glascock*, for the Appellants, argued that rent was payable to both assignees by deed and assignees in law, and cited Coke Litt. 215 *b*; *Burden* v. *Thayer*, 3 Met. 76; *Calhoun* v. *Curtis*, 4 Met. 413; and that the same rule was applicable when the rent was payable in kind, and cited *Boyd* v. *McCombs*, 4 Penn. St. (Barr), 146; *Heavilon* v. *Heavilon*, 29 Ind. 509, and *Jones* v. *Thomas*, 8 Blackf. 428.

*E. J. Pringle and N. Hamilton*, for the Respondents.

By the COURT:

Assuming in favor of the plaintiff, that the decree in partition operated an assignment to the female plaintiff of all the rights which Aurrecochea held under the agreement made with the defendant Case, it is not in terms averred in the complaint that the crop was harvested after the entry of the decree in partition.   If it was harvested before that time, the plaintiffs have no claim to that portion of it which Case had agreed to deliver to Aurrecochea.   As to how the fact was in this respect, cannot be satisfactorily ascertained by construction of the exceedingly loose averments found in the complaint—even when aided by resort to notice which courts will take as to the time of harvest in the country.

Judgment affirmed.