[Sac. No. 27.   Department One.—November 13, 1895.]

GEORGE W. HAINES, ETC., ET AL., APPELLANTS, *v.* R. R. SNEDIGAR, RESPONDENT.

ACTION UPON NOTE—DEFENSE — WARRANTY—SPECIAL AGREEMENT—BUR-
DEN OF PROOF—EVIDENCE—NONSUIT.—In an action upon a note, where
the answer pleaded that it was given in part payment for a harvester,
which was warranted to do good work, and that, subsequent to its exe-
cution, it was agreed between the parties that the note should remain
until the next harvest, and that the harvester should be put in order to
do good work, otherwise the note was to be returned and the contract
of purchase rescinded, and alleged that the harvester was not put in
order, and that the note was demanded by the defendant, which demand
was not complied with, etc., the burden of proof is upon the defendant
to prove the new matter alleged in the answer, and the contract pleaded
in the answer is not admissible in evidence upon cross-examination of
the plaintiffs; and it is error to grant a nonsuit because of mere proof of
the contract, in the absence of proof either that the next harvest had
not arrived, or that the plaintiffs had been given an opportunity to put
the machine in order, and had failed to do so.

ID.—ORDER OF PROOF—CROSS-EXAMINATION OF PLAINTIFFS—INADMISSIBLE
EVIDENCE FOR DEFENDANT.—The defendant is not entitled to offer proof
of affirmative matter set up in his answer, until plaintiffs have made
their case, and submitted it to the court; and proof of the execution of
an agreement relied upon in defense to a note in suit is not proper in
cross-examination of the plaintiffs, and its admission in evidence, upon
such cross-examination, is error.

APPEAL from a judgment of the Superior Court of Stanislaus County.   J. H. BUDD, Judge.

The facts are stated in the opinion.

*P. J. Hazen,* and *James A. Louttit,* for Appellants.

The execution and delivery of the note and its non-payment, which were proven, made a *prima facie* case for plaintiffs, and the subsequent agreement was purely matter of defense. This was matter to be affirmatively established by the defendant. (*Plano Mfg. Co.* v. *Root,* 3 N. Dak. 165; *Whitney Iron Works Co.* v. *Reuss,* 40 La. Ann. 112; *Coffin* v. *Grand Rapids etc. Co.,* 136 N. Y. 655; *Sparks* v. *Sparks,* 51 Kan. 195.)

*Minor & Ashley,* for Respondent.

The agreement of August 6, 1892, should be read in connection with the note and construed as a part thereof, controlling its operation and effect. (Tiedeman on Commercial Paper, sec. 42; *Goodwin* v. *Nickerson,* 51 Cal. 169.)

SEARLS, C.—This is an action upon a promissory note dated June 10, 1892, made by the defendant, who is respondent here, payable to Houser, Haines & Knight, or order, October 1, 1892, and by them indorsed to plaintiffs. At the trial the court, on motion of defendant, entered a judgment of nonsuit against the plaintiffs, who appeal from the judgment.

The complaint was in the ordinary form upon a promissory note. The answer admitted the making of the note by defendant and its assignment to plaintiffs, and, by way of avoidance, pleaded that the note was given in part payment of a harvester purchased by defendant from the payees of the note, which harvester was warranted by the vendors to do good work, etc.; that thereafter, and on August 6, 1892, a contract in writing was entered into between the parties, by the terms of which it was agreed that the assignors of plaintiff would let the note stand until the next harvest (harvest of 1893), and if the vendors put the harvester in order to do good work defendant would then pay the note, otherwise the

note was to be returned to defendant with two hundred dollars for an old machine received from said defendant; that the vendors did not put the harvester in order to do good work; that defendant demanded his note and the two hundred dollars, which demand was not complied with, etc., and that the plaintiffs had notice of all the facts, etc.

The foregoing is only the substance of the answer, which was pleaded in three separate counts, setting out the written contract, etc. At the trial plaintiff's counsel called as a witness G. W. Haines, one of the plaintiffs, who presented the promissory note, and said it belonged to plaintiffs, and was signed by defendant; whereupon it was admitted in evidence, and the witness added, "No part of that note has been paid."

On cross-examination the witness testified that the consideration of the note was a harvester. "This note and an old 'Young' machine, given to us by Mr. Snedigar as part pay, made up the price. I don't remember what the old machine was rated at; probably three hundred dollars."

Defendant's counsel was then permitted, against the objection of plaintiffs, to prove that after the execution of the note a new agreement was entered into between the parties, which agreement was produced, its execution proven, and thereupon it was, against the objection of plaintiffs, admitted in evidence.

The written agreement is as follows:

"STOCKTON, CAL., Aug. 6, 1892.

"*Messrs. Houser, Haines & Knight.*

"DEAR SIRS: I hereby make you this proposition as a settlement for the harvester that I now have on my ranch, that if you will let my note stand until next harvest I will then give you an opportunity to put the machine in order, and if you can then make the machine do good and satisfactory work I will then pay you the note; otherwise, you return the note to me and two hundred dollars for my old machine.

"R. R. SNEDIGAR."

"August 8, 1892.

" *Mr. R. R. Snedigar:*

" We accept your proposition of August 6, of which the above is a copy.   Yours respectfully,

"HOUSER, HAINES & KNIGHT."

Plaintiffs thereupon rested their case, and defendant moved the court to grant a nonsuit, upon the ground that under the new agreement it was provided that " the plaintiffs must make the machine do good and satisfactory work, and there has been no evidence introduced going to show that the machine did do good and satisfactory work, or that any effort was made to make it do good, satisfactory work." The motion was granted and judgment of nonsuit entered.

The action of the court in admitting the evidence objected to and in granting the nonsuit was excepted to, and the rulings thereon are assigned as error. We think the court erred in its rulings. The defense set up by defendant involved the plea of an entirely new and distinct contract, made subsequent to the contract upon which the action was based. It was a plea by way of confession and avoidance, involving new matter to be proven by the defendant. Its allegations are, under our code, to be treated as though denied.

The entire answer is made up of affirmative matter. Whatever was necessary to be alleged therein devolved upon the defendant to prove. But he could not by any recognized rule of procedure offer such proofs until plaintiffs had made their case and submitted it to the court. Plaintiffs called one of their number as a witness. He testified to no single thing that was not admitted by the pleadings, but he was a witness, and as such defendant was entitled to cross-examine him. The limit placed upon cross-examination is so largely within the discretion of the trial court that its action in allowing a wide range to questions upon cross-examination will only be reversed in extreme cases.

The court might, in its discretion, as is often done, permit the defendant to prove by plaintiff's witness,

when on the stand, the due execution of an agreement important to his defense. This course, treated as a mere matter of convenience, was not open to serious objection. To permit this agreement to be then admitted in evidence was, however, quite a different matter.

It was in effect to inject into the case of the plaintiffs a portion of the defense, and was subversive of known and fixed rules of procedure and violative of the whole theory, upon which those rules are founded. The proof of the execution of the written agreement of August 6, 1892, was not proper in cross-examination, and its admission in evidence was error.

Greenleaf, in his work on Evidence, volume 1, section 447, after discussing the difficulty of laying down a precise rule in reference to the limit to be placed upon cross-examination, adds: " A party, however, who has not opened his own case will not be allowed to introduce it to the jury by cross-examining the witnesses of the adverse party, though after opening it he may recall them for that purpose."

2. If we treat the agreement as properly in evidence defendant was not entitled to a nonsuit. The note in suit was overdue and upon its face constituted a cause of action. To defeat plaintiffs' apparent right to recover, defendant avers that the parties have agreed to two things: 1. To postpone payment until the next harvest; 2. That defendant should give the plaintiffs an opportunity to put the machine in order, and that they should do so before the note was payable.

To sustain these propositions, defendant was bound to prove one of two things: 1. That the next harvest had not arrived; or 2. That if it had arrived and passed, that he had given plaintiffs an opportunity to put the machine in order and that they had failed to do so.

There was no proof whatever upon either of these propositions. It is admitted, inferentially at least, that the next harvest had passed.

This action was commenced July 11, 1893, and this court will take judicial notice that in San Joaquin

. county the time for harvesting of small grain has ar rived on the 11th of July. (*Mahoney* v. *Aurrecochea*, 51 Cal. 429.) Without some proof sustaining one or the other of these propositions defendant was not entitled to a judgment.

The judgment appealed from should be reversed, and cause remanded for a new trial.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed, and cause remanded for a new trial.

Harrison, J., Garoutte, J., Van Fleet, J.